**FEDERAL DEFENDER OFFICE**
DISTRICT OF MASSACHUSETTS
51 SLEEPER ST, FIFTH FLOOR
**BOSTON, MASSACHUSETTS 02110**

TELEPHONE: 617-223-8061
FAX: 617-223-8080

February 8, 2010

Robert E. Richardson
U.S. Attorney's Office
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210

RE:  *United States v. Thomas Stefanik*, 09-CR-10379

Dear Mr. Richardson,

Pursuant to Local Rule 116.3(A), I am requesting the following discovery.

1. <u>Books, papers, documents, photographs, tangible objects</u>.

In addition to items intended for use by the government as evidence in its case-in-chief at trial or that were obtained from or belonged to the defendant, we request the following items within the possession, custody, or control of the government that we deem material to the preparation of the defense:

   a. Copies of any audio recordings played for or provided to any witnesses, other than the "Voicemail CD" already provided to the defense with your January 21, 2010 discovery letter, whether or not the government intends to use them at trial;

   b. Copies of any audio tapes or video tapes or other films made during the investigation conducted in the instant case, whether or not the government intends to use them at trial;

   c. All handwritten notes of any law enforcement agents of interviews of witnesses;

   d. Inspection of or photographic duplicates of any photographs shown to any witnesses;

   e. Any chart, summary, diagram, or map that will be used by the government at trial;

   f. Any chart, summary, diagram, or map created, marked, or reviewed by any witness during the investigation of this case and/or during any grand jury testimony;

    g. Copies of any records from the National Crime Information Center relating to Mr. Stefanik's alleged purchase or ownership of any firearms, as referred to in the Application for Search Warrant, at 3-4, and in the Detention Order issued on November 3, 2009, at 8. Please also provide copies of any records containing information about any Firearms Identification Cards ("FID") issued to Mr. Stefanik, whether or not expired;

    h. Copies of telephone records for telephone number 413-667-5335 that show all incoming calls to and outgoing calls from this extension on October 9, 2009;

    i. Please describe in further detail the circumstances surrounding the voice message recorded on the "Voicemail CD" included with your January 21, 2010 discovery materials, including the date and time that the message was recorded and the telephone number to which the call was made.

2. <u>Information concerning identifications</u>.

Please describe in further detail the circumstances surrounding the voice identifications made by Frank Perry and Erika Dowling, including any statements made by Mr. Perry or Ms. Dowling to each other or to the government agents investigating this matter relating to the identification.

3. <u>Expert Testimony</u>.

Pursuant to Fed. R. Crim. P. 16(a)(1)(G), we request that the government disclose, at least 45 days before trial, a written summary of the testimony it intends to use under Fed. R. Evid. 702, 703, or 705 in its case in chief, including, but not limited to, each witness's opinions, the bases and reasons for those opinions, and each witness's qualifications.

4. <u>Exculpatory Evidence</u>.

    a. All information about whether any law-enforcement agent participating in the investigation or trial of this case has been the subject of an investigation for disciplinary action, a disciplinary action, or a criminal investigation, any of which were for conduct involving false statements, perjury, obstruction of justice, receipt of gratuities or violation of rights of a criminal suspect or defendant;

**Authority.** In *United States v. Garrett*, 542 F.2d 23 (6th Cir. 1976), the court reversed a conviction where the district court foreclosed discovery as to an undercover agent's disciplinary records relating to his use of narcotics and failure to submit to urinalysis. Such evidence was relevant because the undercover agent "might well have looked upon a successful prosecution of [the defendant] as a means of having his [own] suspension [from duty] lifted." *Id*. at 26. *See also United States v. Brooks*, 966 F.2d 1500 at 1503 (C.A.D.C. 1992)(government's duty to produce exculpatory material extended to local police department's homicide and Internal Affairs Division files);

*United States v. Henthorn*, 931 F.2d 29 at 31 (9th Cir. 1991)(government's failure to examine personnel files upon a defendant's request for production of exculpatory material was reversible error).

    b. Defendant requests that the government produce forthwith exculpatory witness statements that also constitute Jencks Act material. The government may not withhold exculpatory witness statements until the time provided in the Jencks Act.

    **Authority**. *See Owens*, 933 F. Supp. 76 at 84 (1st Cir. 1996)("Where a defendant's constitutional due process rights under Brady clash with the procedural dictates of the Jencks Act, the rights afforded to the defendant must prevail"); *Snell*, 899 F. Supp. 18, 19-20 (D.Mass. 1995) ("[I]n seeking to harmonize the Jencks Act and Brady, it makes no sense to indulge in a crabbed interpretation of a constitutional right, like Brady, and an expansive interpretation of a statutory one, like Jencks").

    The exculpatory evidence defendant requests with respect to each government witness in this case includes, but is not limited to, the following information about each witness's arrest and conviction record, criminal activity, and/or misconduct:

    i. a full record (including certified copies) of federal or state convictions, whether misdemeanor or felony, and whether adult or juvenile. Defendant requests the court to order the government to obtain such criminal records (other than for law enforcement witnesses, and witnesses such as record-keepers). *See Davis v. Alaska*, 415 U.S. 308, 316 (1974); *Ouimette v. Moran*, 942 F.2d 1, 12 (1st Cir. 1991) ("'[N]o matter more material than a complete record of the State's star witness ... to be used for demonstrating the unworthiness of belief of his testimony ... .'");

    ii. all information known to the government regarding conduct of a witness that constitutes a crime under federal or state law and for which the witness could be prosecuted. *See Osorio*, 929 F.2d 753 at 756-58 (1st Cir. 1991); *Owens*, 933 F. Supp. at 88;

    iii. a full statement of all criminal prosecutions and investigations against any prospective witness and of all civil or administrative actions or investigations against the witness, regardless of whether or not these cases are the subject of promises, rewards or inducements. *See United States v. Bonanno*, 430 F.2d 1060, 1062 (2d Cir. 1970) (requiring disclosure of indictment of witness so that defendant could investigate all promises), cert. denied, 400 U.S. 964 (1970);

    iv. a full statement of whether any witness was, at any time during the investigation or prosecution of this case, on probation, parole, supervised release or some other form of government supervision, or had any criminal charges outstanding, *see Davis*, 415 U.S. at 317.

    **Authority.** *Kyles v. Whitley*, 115 S.Ct. 1555, 1572 (1995); *Davis*, 415 U.S. at 316-17; *Osorio*, 929 F.2d at 758 (government should have disclosed information that key witness had engaged in extensive drug trafficking for which he had not been charged);

*Alford v. United States*, 282 U.S. 687, 693 (1931) (prior criminal conduct is relevant where the witness may have been promised or believed that his cooperation would lead to immunity); *Devose v. Norris*, 867 F. Supp. 836, 849 (E.D. Ark. 1994) (conviction reversed where government failed to disclose prior disciplinary action against witness for theft and making false statements to supervisor and prosecuting attorney while employed as a police officer).

5. Preservation of notes.

We request that the government preserve the originals of any and all handwritten or other notes made by federal, state or local law enforcement officers in the course of their investigation of events giving rise to this case including, but not limited to, notes of conversations or statements with the defendant and notes of any interviews with persons who are or may be witnesses at trial, and regardless of whether or not those notes form the basis of subsequent typewritten reports.  *See United States v. Neal*, 36 F.3d 1190, 1197-99 (1st Cir. 1994) (notes of a witness's oral statements taken by government agents may be discoverable under Jencks).  Where the only record of witness interviews by the government or its agents are contained in notes of government counsel, those notes will be preserved and submitted to the court for inspection.  Finally, we ask that government counsel disclose whether he instructed agents not to take notes and/or write reports.

6. Other crimes or acts.

Notice in writing, no less than two weeks before trial, of the government's intention to introduce evidence of any crimes or other acts pursuant to Fed. R. Evid. 404(b), stating:

a. the general nature of any such evidence, including the date, time, place, and a brief description of the alleged crime, wrong, or act; and

b. the identity of the witness(es) it intends to present with respect to such "other crimes, wrongs, or acts."

I have no reciprocal discovery at this time.

Please call me if you have any questions about these requests or wish to discuss them.

Sincerely,

/s/ Catherine K. Byrne
Catherine K. Byrne
B.B.O. #543838
Federal Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
Tel:  617-223-8061

**CERTIFICATE OF SERVICE**

I, Catherine K. Byrne, certify that a copy of this discovery letter was served on all counsel of record via ECF filing on February 8, 2010.

/s/ Catherine K. Byrne
Catherine K. Byrne