


**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts  02210*

June 24, 2010

**VIA E-FILING**

Catherine K. Byrne, Esq.
Jennifer C. Pucci, Esq.
Federal Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210

    Re:    United States v. Thomas Stefanik
           Criminal No. 09-10379-PBS

Dear Ms. Byrne and Ms. Pucci:

    We write in response to your letter of June 22, 2010.

    First, as we indicated to you several weeks ago, we are not in possession, custody, or control of the First Circuit's files.  Accordingly, except to the extent of First Circuit materials previously produced to us (all of which have been provided to you), we do not have any of the materials described at paragraphs 1 and 2 of your June 22 letter.  We have previously told you that the First Circuit has required us to comply with the judicial version of the Touhey regulations in seeking information from the First Circuit.  We accordingly have forwarded to First Circuit counsel, Michael Kendall, your recent letter.  We will provide to you everything that the First Circuit provides to us in that connection, but at the end of the day we can only give to you what they give to us.  Again, these materials are not in the government's possession, custody, or control.

    Second, while we will give you everything we get from the First Circuit pursuant to your June 22 letter, it is worth noting that much of what you seek would not be discoverable even if it were in our possession, custody, or control.  Specifically, in paragraph 1 you seek emails "relating to Mr. Stefanik or this case sent or received by Ms. Susan Goldberg, Mr. Richard Donovan, [and] Ms. Margaret Carter . . .."  None of these individuals are expected to be witnesses, however, and thus production of their emails would not be required under the Jencks Act.  Nor would any provision of Rule 16 cover these emails.  Finally, an email relating to the defendant but not this case – say, an email concerning one of his earlier appeals, from early 2009

– would not be relevant to anybody's testimony and thus would not be discoverable under the Jencks Act or otherwise.

Similarly, in paragraph 2 you seek "[a]ny written report or other documentation created by Ms. Margaret Carter, Mr. Frank Perry, or any other member of the Clerk's Office relating to this incident or regarding Mr. Stefanik," and you note reference in other materials we previously provided to you to the fact that Ms. Carter was "putting together a write up" and that FBI Special Agent Toole "wanted a narrative." Again, Ms. Carter is not expected to be a witness, and neither any document authored by her nor any document authored by anyone else in the Clerk's Office who is not going to testify is discoverable either under the Jencks Act or under Rule 16. And documentation regarding the defendant that does not have to do with this incident would not discoverable. (You previously have been provided with FBI 302 reports relating the substance of interviews of Mr. Perry and Ms. Dowling regarding this incident.)

Finally, you seek "the name(s) of the persons who were working in the Clerk's Office on the afternoon of October 9, 2009 and received the incoming phone call(s) from Mr. Stefanik." First, this is an interrogatory and as such is not a permissible means of seeking discovery under the Federal Rules of Criminal Procedure. Second, there is no reason to believe that this information is particularly relevant, and certainly not exculpatory. The defendant is charged based on threats he made when he was speaking to Mr. Perry. Whether his calls initially were answered by somebody else and then forwarded to Ms. Dowling and Mr. Perry does not appear to be material.

However, as indicated at the outset, we have sent your June 22 letter to Mr. Kendall, the attorney retained by the First Circuit for these purposes. We will promptly provide to you whatever he gives to us, regardless of whether we believe it goes beyond the scope of discovery. By the same token, we will be unable to provide you with any material requested in your June 22 letter that Mr. Kendall declines to provide to us.

Please call the undersigned Assistant U.S. Attorneys if you have any questions.

        Very truly yours,

        CARMEN M. ORTIZ
        United States Attorney

By:

        /s/Robert E. Richardson
        DAVID TOBIN
        ROBERT E. RICHARDSON
        Assistant U.S. Attorney